JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No. 5:23-cv-01690-DOC-MAR                Date:  September 28, 2023

Title: LILIANA GALLAGHER ET AL. V. WAL-MART STORES INC., ET AL.

PRESENT:          THE HONORABLE DAVID O. CARTER, JUDGE

| Karlen Dubon | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):   ORDER SUA SPONTE REMANDING CASE TO STATE COURT**

On the Court's own motion, the Court hereby REMANDS this case to the Superior Court of California, County of San Bernardino.

## I.     Background

This is a premises liability action, concerning Plaintiff Liliana Gallagher's injury on the premises of Defendants Wal-Mart Stores, Inc., Walmart Inc., and Does 1 through 50 (collectively, "Defendants"). Notice of Removal ("Notice") (Dkt. 1), *see also* Complaint ("Compl.") (Dkt. 1–1). Plaintiff alleges that Defendants failed to ensure a tray of dog food cans were securely stocked on a shelf, which subsequently fell on Plaintiff's head causing injury. *See* Complaint ¶ 8.

Plaintiff originally filed suit in the Superior Court of California, County of San Bernardino, on March 22, 2023. Compl. On July 21, 2023, Plaintiffs propounded their Statements of Damages on Defendants. Notice ¶ 4. On August 21, 2023, Defendant removed the action to this Court. *See generally* Notice.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 5:23-cv-01690-DOC-MAR                                    Date: September 28, 2023
                                                                                Page 2

## II.     Legal Standard

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Removal of a case from state court to federal court is governed by 28 U.S.C. § 1441, which provides in relevant part that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441. This statute "is strictly construed *against* removal jurisdiction," and the party seeking removal "bears the burden of establishing federal jurisdiction." *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988) (emphasis added) (citations omitted).

Federal diversity jurisdiction requires that the parties be citizens of different states and that the amount in controversy exceed $75,000. 28 U.S.C. § 1332(a). For diversity jurisdiction purposes, a corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The presence of any single plaintiff from the same state as any single defendant destroys "complete diversity" and strips the federal courts of original jurisdiction over the matter. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005).

Generally, a removing defendant must prove by a preponderance of the evidence that the amount in controversy satisfies the jurisdictional threshold. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2008). If the complaint affirmatively alleges an amount in controversy greater than $75,000, the jurisdictional requirement is "presumptively satisfied." *Id.* In that situation, a plaintiff who then tries to defeat removal must prove to a "legal certainty" that a recovery of more than $75,000 is impossible. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938); *Crum v. Circus Enters.*, 231 F.3d 1129, 1131 (9th Cir. 2000). This framework applies equally to situations where the complaint leaves the amount in controversy unclear or ambiguous. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996).

A removing defendant "may not meet [its] burden by simply reciting some 'magical incantation' to the effect that 'the matter in controversy exceeds the sum of [$75,000],' but instead, must set forth in the removal petition the underlying facts supporting its assertion that the amount in controversy exceeds [$75,000]." *Richmond v.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 5:23-cv-01690-DOC-MAR                                    Date: September 28, 2023
                                                                                  Page 3

*Allstate Ins. Co.*, 897 F. Supp. 447, 450 (S.D. Cal. 1995) (quoting *Gaus*, 980 F.2d at 567). If the plaintiff has not clearly or unambiguously alleged $75,000 in its complaint or has affirmatively alleged an amount *less* than $75,000 in its complaint, the burden lies with the defendant to show by a preponderance of the evidence that the jurisdictional minimum is satisfied. *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106-07 (9th Cir. 2010); *Guglielmino*, 506 F.3d at 699.

While the defendant must "set forth the *underlying facts* supporting its assertion that the amount in controversy exceeds the statutory minimum," the standard is not so taxing so as to require the defendant to "research, state, and *prove* the plaintiff's claims for damages." *Coleman v. Estes Express Lines, Inc.*, 730 F. Supp. 2d 1141, 1148 (C.D. Cal. 2010) (emphases added). In short, the defendant must show that it is "more likely than not" that the amount in controversy exceeds the statutory minimum. *Id*. Summary judgment-type evidence may be used to substantiate this showing. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090–91 (9th Cir. 2003); *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997). For example, defendants may make mathematical calculations using reasonable averages of hourly, monthly, and annual incomes of comparable employees when assessing the amount in controversy in a wrongful termination suit. *Coleman*, 730 F. Supp. 2d. at 1148–49.

If the court lacks subject matter jurisdiction, any action it takes is ultra vires and void. *See Gonzalez v. Crosby*, 545 U.S. 524, 534 (2005); *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94, 101–02 (1998). The lack of subject matter jurisdiction may be raised at any time by either the parties or the court. Fed. R. Civ. P. 12(h)(3). If subject matter jurisdiction is found to be lacking, the court must dismiss the action, *id.*, or remand pursuant to 28 U.S.C. § 1447(c). A court may raise the question of subject matter jurisdiction *sua sponte*. *See Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002).

## III.    Discussion

Here, Plaintiff does not expressly allege an amount in controversy over $75,000. Accordingly, Defendant must show by a preponderance of the evidence that the jurisdictional minimum is satisfied. *See Geographic Expeditions, Inc.*, 599 F.3d at 1106-07; *Guglielmino*, 506 F.3d at 699.

Defendant argues that the Court has diversity jurisdiction because the amount in controversy, as stated by Plaintiff, is in excess of $75,000. Notice ¶ 9. Defendant argues that though Plaintiff did not expressly state her damages in the Complaint, her statement

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 5:23-cv-01690-DOC-MAR                                          Date: September 28, 2023
                                                                                          Page 4


of damages is $400,000 for special and general compensatory damages. The Court disagrees.

"[A]lthough a statement of damages pursuant to section 425.11 is not filed with the court as part of the complaint, it is normally viewed as a serious estimate of the damages in a given case." *Surber v. Reliance Nat. Indem. Co.*, 110 F. Supp. 2d 1227 (N.D. Cal. 2000). However, "[a]lthough the court normally defers to the statement of damages presented in the complaint, the court also has an 'independent obligation' to examine its jurisdiction where doubts arise." *Marchionna v. Ford Motor Company,* 1995 WL 549124 (N.D.Ill. Sept. 8, 1995).

Here,  Plaintiff's statement of damages states that she seeks $100,000 for pain, suffering and inconvenience; $25,000 for medical expenses to date; and $50,000 for loss of earnings to date; $50,000 for future medical expenses; $100,000 for loss of future earning capacity; $50,000 for loss of consortium. (Dkt. 1-4).

Plaintiff's Complaint states that Plaintiff's injuries were the result of a tray of dog food cans falling from a shelf causing a severe head injury. Compl. ¶ 8. Plaintiff's Complaint alleges that due to this injury she was "compelled to and did employ the services of hospitals, physicians and the like, to care for and treat her, and did incur hospital medical, professional and incidental expenses." *Id.*  ¶ 22. Plaintiff provides no documentation for any medical expenses or loss of earnings, however. *See generally* Compl.

The unsubstantiated allegations of nearly $400,000 in damages is difficult to credit without a single medical bill. "While a federal court must of course give due credit to the good faith claims of the plaintiff, a court would be remiss in its obligations if it accepted every claim of damages at face value, no matter how trivial the underlying injury." *Diefenthal v. Civil Aeronautics Bd.,* 681 F.2d 1039, 1052 (5th Cir.1982). *See also Christensen v. Northwest Airlines, Inc.,* 633 F.2d 529 (9th Cir.1980) (affirming dismissal on ground that injury was too small to establish requisite amount of damages); *Anthony v. Security Pac. Fin. Serv. Inc.,* 75 F.3d 311, 318 (7th Cir.1996).

While Plaintiff *might* have suffered $400,000 in damages as a result of defendant's failure, "the record currently before the Court does not support that conclusion." *Surber*, 110 F. Supp. 2d at 1231.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 5:23-cv-01690-DOC-MAR                                    Date: September 28, 2023
                                                                                    Page 5

Further, the Court will not include speculative civil penalties or attorneys' fees to meet the amount in controversy requirement. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("We hold that where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees *may* be included in the amount in controversy.") (emphasis added).

The Court finds that Defendant has not shown by a preponderance of the evidence that the amount in controversy exceeds $75,000. Thus, the Court finds that it lacks diversity jurisdiction over this matter.

When remanding a case, a court may, in its discretion, "require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c); *see also Jordan v. Nationstar Mortg. LLC*, 781 F.3d 1178, 1184 (9th Cir. 2015). Typically, a court may only award fees and costs when "the removing party lacked an objectively reasonable basis for seeking removal." *Id.* (quoting *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005)). In making this determination, courts should look at whether the removing party's arguments are "clearly foreclosed" by the relevant case law. *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1066-67 (9th Cir. 2008). The Ninth Circuit has further clarified that "removal is not objectively unreasonable solely because the removing party's arguments lack merit," *id.* at 1065, though a court need not find the removing party acted in bad faith before awarding fees under § 1447(c), *Moore v. Permanente Med. Grp.*, 981 F.2d 443, 446 (9th Cir. 1992). Here, while the Court finds that removal was improper, the Court concludes that it was not so inconceivable as to meet the "objectively unreasonable" standard. As a result, the Court declines to award Plaintiff attorneys' fees.

## IV.    Disposition

For the reasons set forth above, the Court hereby **REMANDS** this case to the Superior Court of San Bernardino, California. The Scheduling Conference currently scheduled for October 30, 2023 is **VACATED**.

The Clerk shall serve this minute order on the parties.

MINUTES FORM 11                                                    Initials of Deputy Clerk: kdu
CIVIL-GEN